2016 ND 241

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Geoffrey TIMM, Defendant and Appellant**

No. 20150332

Supreme Court of North Dakota.

Filed 12/20/2016

Burleigh County State's Attorney's Office, Bismarck, ND, for plaintiff and appellee.

Danny L. Herbel, Bismarck, ND, for defendant and appellant.

Per Curiam.

[¶ 1] Geoffrey Timm was arrested for driving under the influence and consented to a warrantless blood test incident to his

arrest. The district court denied Timm's motion to suppress the results of the blood test, and he conditionally pled guilty to driving under the influence, reserving his right to appeal the order denying his motion to suppress.

[¶ 2] In *State v. Timm*, 2016 ND 92, ¶ 1, 881 N.W.2d 256, we summarily affirmed Timm's conviction, concluding our implied consent and refusal laws did not render Timm's consent to the warrantless blood test involuntary under precedent following *State v. Birchfield*, 2015 ND 6, 858 N.W.2d 302.

[¶ 3] In *Birchfield v. North Dakota*, — U.S. ——, 136 S.Ct. 2160, 2172, 195 L.Ed.2d 560 (2016), the United States Supreme Court consolidated three cases to decide whether motorists lawfully arrested for drunk driving may be convicted of a crime or otherwise penalized for refusing to take a warrantless test measuring the alcohol in their blood stream. *See State v. Birchfield*, 2015 ND 6, 858 N.W.2d 302; *Beylund v. Levi*, 2015 ND 18, 859 N.W.2d 403; and *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015). The Supreme Court held the Fourth Amendment permits warrantless breath tests incident to a lawful arrest for drunk driving, but does not permit warrantless blood tests incident to a lawful arrest for drunk driving. 136 S.Ct. at 2184–85. The Supreme Court concluded that in Birchfield's prosecution for refusing a warrantless blood test incident to his arrest, the refused blood test was not justified as a search incident to his arrest and reversed his conviction because he was threatened with an unlawful search. *Id.* at 2186. The Supreme Court also concluded that in an administrative proceeding to suspend Beylund's license after he consented to a warrantless blood test, a remand to this Court for further proceedings was necessary to determine the voluntariness of Beylund's consent under the totality of the circumstances given the partial inaccuracy of a law enforcement officer's advisory of a driver's obligation to undergo chemical testing. *Id.*

[¶ 4] The United States Supreme Court granted Timm's petition for writ of certiorari and remanded to this Court for consideration in light of *Birchfield v. North Dakota*. We vacate our opinion affirming Timm's conviction to the extent it is inconsistent with *Birchfield v. North Dakota*. We remand to the district court to allow Timm to withdraw his guilty plea and for further proceedings under *Birchfield v. North Dakota*.

[¶ 5] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom